NS

| UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK | **12M523** |

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

KABIRU ALHASSAN,

        Defendant.

- - - - - - - - - - - - - - - - -X

PRE-ARRAIGNMENT
C O M P L A I N T
(21 U.S.C. §§ 952(a)
and 960)

EASTERN DISTRICT OF NEW YORK, SS:

       VINCENT MARINO, being duly sworn, deposes and states that he is a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations, ("HSI"), duly appointed according to law and acting as such.

       Upon information and belief, on or about June 1, 2012, within the Eastern District of New York and elsewhere, defendant KABIRU ALHASSAN did knowingly, intentionally and unlawfully import into the United States from a place outside thereof heroin, a Schedule I controlled substance.

       (Title 21, United States Code, Sections 952(a) and 960).

       The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1]    Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

2

1. On June 1, 2012, defendant KABIRU ALHASSAN arrived at John F. Kennedy International Airport in Queens, New York, aboard Emirates Airlines Flight No. 201 from Dubai, United Arab Emirates.

2. During an examination, a Customs and Border Protection ("CBP") Officer noticed that the defendant appeared unusually nervous, avoiding making eye contact and fidgeting. Further investigation revealed that the defendant was traveling with a companion who had also been selected for an enforcement examination by CBP officers. CBP officers discovered heroin in the suitcase presented by the defendant's companion. A pat-down search was of the defendant was then conducted in a private search room with negative results. Upon further questioning, the defendant denied swallowing any pellets. CBP officers then contacted agents of the Department of Homeland Security, Homeland Security Investigations ("HSI").

3. HSI agents responded and, after reading the defendant his Miranda rights, which he appeared to understand and waived, questioned the defendant. During questioning, the defendant complained of an illness and was transported to the medical facility at John F. Kennedy International Airport. While at the medical facility, the defendant admitted swallowing approximately 80 pellets. The defendant was then presented with an x-ray consent form, which he read, appeared

to understand and signed.

3. The defendant then asked to use the bathroom, whereupon he passed 22 pellets, one of which field-tested positive for the presence of heroin. The defendant was placed under arrest. A subsequent x-ray read positive for further foreign bodies in the defendant's intestinal tract.

4. Defendant KABIRU ALHASSAN will be detained at the JFK medical facility until such time as he has passed all the pellets contained within his intestinal tract.

WHEREFORE, your deponent respectfully requests that defendant KABIRU ALHASSAN be dealt with according to law.

VINCENT MARINO
Special Agent
HSI

Sworn to before me this
2nd day of June, 2012